IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | FILED |
| ) | 3:10 pm, 7/15/14 |
| WEDCO MANUFACTURING, INC.    )    Case No. 12-21003 | Tim J. Ellis |
| )    Chapter 11 | Clerk of Court |
| Debtor.       ) | |

OPINION ON OBJECTION TO PROOF OF CLAIM NO. 9-1

On July 9, 2014, the Debtor's Objection to Claim No. 9-1 came before the court for an evidentiary hearing.  Mr. Fredrick Mizell ("Mizell") filed a response.  At the conclusion of the hearing, the court took the matter under advisement.  Having reviewed the record, testimony and other evidence, and the parties' arguments, the court is prepared to rule.

**Jurisdiction**

The court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(b)(2)(B).

**Facts**

Wedco Manufacturing Inc. ("Debtor") filed its Chapter 11 petition on October 3, 2012.  Mr. Mizell filed a priority claim in Debtor's case for unpaid vacation pay in the amount of $2,146.80.

Marjorie Mathiesen ("Mathiesen"), Debtor's president, testified that the Debtor is an asset holding company.  Wedco Fabrication, Inc. ("Fabrication") was the operating company involved in the building and construction industry.  Debtor and Fabrication

maintained separate employee identification numbers and separate bank accounts. Debtor last had employees in 2001. According to the evidence presented, Debtor initially filed as a Wyoming business entity on September 8, 1969. Fabrication filed as a Wyoming business entity on June 18, 2001. After that, all employees were employed by Fabrication.

The court's review of the evidence reflects that each corporation is listed separately with the State of Wyoming, Secretary of State. Ms. Mathiesen was the registered agent for both. However the principal addresses and mailing addresses are not identical, nor are the officers the same. Debtor lists Ms. Mathiesen as President and Judith Kortum as Secretary. Fabrication lists Fredrick Kortum as Vice President. Ms. Mathiesen testified that she is not an officer for Fabrication.

The payroll evidence reflects that Mizell was paid by Fabrication and received a W-2 form in 2013 from his employer, Fabrication.

**Discussion**

Mr. Mizell argues that as the Debtor was the holding company for Fabrication, Debtor is responsible for Fabrication's debts and specifically for Mizell's claim.

A properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim.[1] Such a claim is deemed allowed unless a party in interest objects.[2]

---

[1] Fed. R. Bankr. P. 3001(f).

[2] 11 U.S.C. § 502(a).

                              Document      Page 3 of 3

The objecting party has the burden of going forward with evidence supporting the objection. Such evidence must be of a probative force equal to that of the allegations contained in the proof of claim. However, an objection raising only legal issues is sufficient. Once the objecting party has reached this threshold, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.[3]

Mr. Mizell did not carry his burden proving that Debtor, as a separate legal entity, was responsible for Fabrication's debts. No evidence was presented to give the court cause to consider "piercing the corporate veil" of the Debtor. Mr. Mizell did not prove the validity of his claim against Debtor.

The court finds that Mizell's claim against Debtor is not valid. Therefore, the claim shall be disallowed.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this /S day of July, 2014.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
   Stephen Winship
   Fredrick Mizell

---

[3] *In re Geneva Steel Co.* 260 B.R. 517 (10th Cir. BAP 2001) *In re Harrison,* 987 F.2d 677 (10th Cir. 1993).

Page 3