FILED

11:26 am, 10/31/14

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WEDCO MANUFACTURING, INC. | ) | Case No. 12-21003 |
| | ) | Chapter 11 |
| Debtor. | ) | |

## OPINION ON ORDER TO SHOW CAUSE AND/OR FOR CONTEMPT CITATION

On October 7, 2014, the above-captioned matter, filed by Wedco Manufacturing, Inc. ("Wedco") and the response filed by the United States Small Business Administration ("SBA") came before the court for an evidentiary hearing. At the conclusion of the hearing, the court took the matter under advisement. Having reviewed the record, testimony and evidence and parties' arguments, the court is prepared to rule.

**Facts**

The facts are undisputed in this matter. Wedco filed its Chapter 11 bankruptcy petition on October 3, 2012. SBA was listed as a secured creditor holding a junior lien against Wedco's building and assets that were sold in the bankruptcy. After satisfaction of the first mortgage, SBA received partial satisfaction of its claim.

On June 22, 2014, the SBA Loan Servicing Center located in Fresno, California issued a computer generated automated notice ("Notice") consisting of four pages "...CONCERNING POSSIBLE U.S. TREASURY COLLECTION ACTIONS FOR YOUR DELINQUENT GOVERNMENT DEBT...." The Notice was received by Marjorie E. Mathiesen, ("Mathiesen"), president of Wedco. Ms. Mathiesen contacted

Wedco's counsel who filed this motion on July 31, 2014. SBA responded by sending a letter to Wedco's counsel on September 3, 2014 and filing its Response on September 9, 2014. The contents of the letter reflected that SBA's counsel was not aware of the Notice sent to Wedco; that no collection efforts were occurring; and, that SBA was in the process of identifying and correcting the computer error that generated the Notice.

Andy Seeto ("Seeto"), loan specialist with SBA, testified that he handles loans in "liquidation status" for SBA. He is familiar with Wedco's loan and testified regarding the procedures used when SBA is notified that a party declares bankruptcy. Under the procedures, the code, "do not refer" is placed on the debtor's account within a computer program so that collection actions are stopped. The code was in place on Wedco's account. After partial satisfaction of Wedco's debt, SBA initiated collection actions against the guarantors of Wedco's loan. For an unknown reason, the Notice was generated and sent to Wedco, although the codes were properly in place. Mr. Seeto testified that SBA had four prior instances where debtors had received notice for improper collection; that he was aware that the information technology department had been made of aware of the issue; and did not know the specific dates except for the incident with Wedco.

**Discussion**

Wedco requests that the court hold SBA in contempt for violating the automatic stay under §362(a)(6), "for collect[ing]...or recover[ing] a claim against the debtor that arose before the commencement of the case" and award attorney fees and costs under §

362(k)(1).

SBA argues: (1) Wedco failed to properly serve SBA; (2) the Notice sent to Wedco was inadvertent due to a computer error and not willful; (3) as Wedco is a corporation, not an individual, it is not entitled to relief under § 362(k)(1); (4) punitive damages are not available against SBA under § 106(a)(3); (5) SBA promptly cured the error upon receiving notice; and (6) Wedco did not incur any actual damages.

For violations of the automatic stay, the Bankruptcy Code provides, as relevant:

> "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages."[1]

The debtor bears the burden of establishing the willful violation of the automatic stay by a preponderance of the evidence. Debtor must prove: (1) that the creditor knew of the automatic stay; and, (2) intended the actions that constituted the violation, but no specific intent is required.[2] To establish a claim under § 362(k), the debtor must establish that a violation occurred, the violation was committed willfully, and the violation caused actual damages. "Willful" refers to the deliberateness of the conduct, coupled with knowledge of the filing.[3]

(1)  Proper service on SBA

SBA asserts that it was not properly served. Under the Federal Rules of

---

[1] § 362(k)(1).

[2] *In re Johnson*, 501 F.3d 1163 (10th Cir. 2007).

[3] *In re Kline*, 472 B.R. 93, 103 (10th Cir. BAP 2012).

Bankruptcy Procedure, a motion for an order of contempt is governed by Rule 9014 which deems such an action a contested matter. A contested matter requires a motion to be served "in the manner provided for service of a summons and complaint under Rule 7004."[4] Service on the United States,

> "may be made within the United States by first class mail postage prepaid...by mailing a copy of the summons and complaint addressed to the civil process clerk at the office of the United States attorney for the district in which the action is brought and by mailing a copy of the summons and complaint to the Attorney General of the United States at Washington, District of Columbia..."

The court's review of the certificate of service for Wedco's motion reflects that the Attorney General of the United States was not served.

The Tenth Circuit explained the purpose of Federal Rule of Civil Procedure 4, (the equivalent of Rule 7004). "Personal service under Rule 4 serves two purposes: notifying a defendant of commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit."

Wedco's certificate of service reflects that SBA was served a copy of the Motion in Fresno and Washington, DC. Additionally, the United States Attorney - District of Wyoming was served through its office in Cheyenne. SBA had actual knowledge of the motion as evidenced by the letter it sent to Wedco on September 3, 2014 and the response filed on September 9, 2014. As for this court's jurisdiction over SBA, SBA filed a claim in this case on February 5, 2013 submitting itself to the jurisdiction of the Bankruptcy Court. Under these circumstances, the court considers Wedco's failure to

---

[4] Fed. R. Bankr. P. 9014(b)

Page 4

serve the Attorney General of the United States as harmless error.

(2) <u>Was the stay violation willful.</u>

It is uncontroverted that SBA knew Wedco filed for bankruptcy protection. The issue is whether SBA's act of mailing the collection notice to Wedco willful. As stated, SBA asserts that mailing of the notice was inadvertent and due to a computer error.

The Tenth Circuit Court of Appeals provided a comprehensive definition of "willful" as applicable to § 362.[5] A "willful" violation occurs if the creditor knew of the automatic stay and intended the action that constituted the violation.[6]

SBA asserts a defense that the notice was generated due to a computer error and inadvertently mailed. The court did not find any case law within the Tenth Circuit involving the "computer error" defense to a willful violation of the automatic stay. The cases that the court reviewed all held that it is not an excuse that a creditor is betrayed by its computer. "A creditor's "internal disorder does not excuse it from violating the automatic stay."[7] Stay violations attributable to a computer are not "inadvertent...acts taken without knowledge of the existence of the stay."[8] "We perceive no difference as a practical matter between a computer program that does not perform tasks accurately and

---

[5] *In re Johnson*, 501 F.3d 1163 (2007).

[6] *In re Kline*, 472 B.R. 93, 103 (10th Cir. BAP 2012).

[7] *In re Campion*, 294 B.R. 313 (9th Cir. BAP 2003) citing *Eskanos & Adler*, 309 F.3d. 1215 (The computer tale is one of internal disorder.).

[8] *Campion* citing, *Franchise Tax Bd. v. Roberts (In re Roberts)*, 175 B.R. 339 (9th Cir. BAP 1994).

Page 5

a clerical employee who does not perform tasks accurately. In either event, the employer bears the risk of the consequences." [9] "The 'computer did it' defense is not viable" as a defense to a willful violation of the automatic stay.[10] The court does not adopt SBA's argument that the stay violation was not willful due to a computer error. SBA is responsible for the accuracy of the documents its computers generate and mail. SBA willfully violated the automatic stay.

(3)   Application of § 362(k)(1) to determine damages.

The Tenth Circuit Court of Appeals has not addressed the availability of damages to a debtor-corporation. However, the United States Bankruptcy Panel for the Tenth Circuit ("BAP") and several bankruptcy courts within the district have. Each BAP case states:

> "The United States Bankruptcy Appellate Panel for the Tenth Circuit agrees with the reasoning of the majority of courts which have held that a corporation is not an "individual" under former 11 U.S.C. § 362(h) [now U.S.C. 362(k)(1)]. As noted by courts adopting the majority view, the Bankruptcy Code uses the term 'individual' in a manner distinct from a 'person' or a 'corporation.'[11] For example, the Code defines 'person' to include 'individuals, partnerships, and corporations'. In addition, 'corporation' is defined to include an 'association having a power or privilege that a private corporation, but not an individual or partnership, possesses.[12] In defining 'person,' Congress used the word 'individual' to distinguish natural persons from corporations and partnerships. Other

---

[9] *Campion* at 317.

[10] *In re Rijos*, 263 B.R. 382 (1st Cir. BAP 2001).

[11] § 101(41).

[12] § 101(9)(A)(i).

sections of the Bankruptcy Code either make the same distinction or use the word 'individual' in such a way that it is only intended meaning could be a natural person. This plain reading of § 362(h) does not prevent business entities from seeking other bankruptcy remedies for stay violation.[13]

This court agrees and adopts the majority view. The debtor in this case, Wedco, is not a natural person, but a corporation and is not entitled to a damage award under § 362(k)(1).

In considering damages for a stay violation for a non-individual debtor, the court considers the following:

> "The Tenth Circuit acknowledged a bankruptcy court's civil contempt power under § 105(a). This power includes the ability to award monetary relief for automatic stay violations to the extent such awards are "necessary or appropriate" to carry out the provisions of the Bankruptcy Code. Bankruptcy courts frequently invoke § 105(a) powers to award damages in situations involving non-individual debtors which are not covered by § 363(h) [now § 362(k)(1)]. As with §362 (h), courts considering sanctions for stay violations under § 105(a) usually require that the violation be "willful." Even if a willful violation is shown, however, the award of damages under § 105 is discretionary."[14]

This court shall consider damages under § 105 for SBA's willful violation of the automatic stay, as Wedco is a non-individual debtor.

(4) <u>Punitive damages are not available against SBA under § 106(a)(3)</u>

---

[13] *Rushton v. Bank of Utah (In re C.W. Mining Co.)* and *Rafter Seven Ranches L.P. WNL Invs., L.L.C.*, *supra*.

[14] *In re Rafter Seven Ranches L.P.* and *Rushton v. Bank of Utah (In re C.W. Mining Co.)* citing: *In re Skinner*, 917 F.2d 444, 447 (10th Cir. 1990); *Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.)*, 920 F.2d 183, 187 (2d Cir. 1990), *In re Dyer*, 322 F.3d 1178 (9th Cir. 2004)

SBA argues that punitive damages cannot be assessed against it under the Bankruptcy Code. Section 106(a)(3) allows the court to issue an order or judgment against a governmental unit excluding an award of punitive damages. Wedco did not present an argument against this and the court agrees. Punitive damages will not be considered or allowed.

(5)   Damages

SBA argues that Wedco did not incur any actual damages; Wedco should not be awarded attorney fees as the matter could have been resolved without the protracted litigation; and, SBA promptly cured the error. The court shall set the issue of damages for a hearing and consider these mitigating factors.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 31 day of October, 2014.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
   Stephen Winship
   Mark Klaassen